# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Ronald Lee BELL, JR., <br><br>　　　　　Petitioner, <br><br>　　v. <br><br>Kevin CHAPPELL, <br>Acting Warden of San Quentin State Prison, <br><br>　　　　　Respondent. | Case No. C-99-20615-RMW <br><br> <u>DEATH-PENALTY CASE</u> <br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS |

**I. Introduction**

On January 17, 2012, respondent filed a Motion To Dismiss For Failure To Prosecute And Failure To Comply With Court's Orders. Respondent alleges that petitioner's failure to submit quarterly status reports as required by this Court's Order of March 29, 2002 (docket no. 189), as well as his failure to prosecute this case for more than four years since the termination of state exhaustion proceedings warrants the dismissal of his capital habeas petition. Petitioner filed an opposition on February 10, 2012. Respondent filed a reply on February 22, 2012.

The Court finds it appropriate to submit this motion on the papers without oral argument pursuant to Civil Local Rule 7-1(b). Based on all papers filed to date, the Court denies respondent's motion.

## II. Background

On February 2, 1978, a single gunman robbed Wolff's Jewelry Store in Contra Costa County. The gunman shot two store employees, Raymond Murphy and John Benjamin. Murphy died from his injuries. The gunman was later identified as petitioner.

On December 21, 1978, a jury convicted petitioner of first degree murder with special circumstances, attempted murder and robbery, all arising out of the jewelry store robbery. The jury imposed the death penalty. It also convicted petitioner of possession of a concealable firearm by an ex-felon. The verdict was obtained in a second trial before a new jury, after a prior jury had been unable to reach a verdict other than on the firearm charge.

On September 5, 1989, the Supreme Court of California affirmed petitioner's conviction and death sentence. *People v. Bell*, 49 Cal. 3d 502 (1989). The United States Supreme Court denied petitioner's petition for writ of certiorari on May 29, 1990. Petitioner filed his first state habeas petition in the Supreme Court of California on May 29, 1990. The state court denied this petition on October 18, 1990.

Petitioner filed a request for a stay of execution and appointment of counsel in federal court on April 12, 1991. The stay was granted and counsel was appointed. A federal petition containing unexhausted claims was filed on June 11, 1992. Petitioner's case was stayed for three years while he exhausted claims in state court.

On June 21, 1995, the state court denied petitioner's second state habeas petition. On January 18, 2000, this Court ordered petitioner to file an amended petition by March 17, 2000. An amended petition alleging forty claims for relief was timely filed.

On April 17, 2000, respondent filed a motion to dismiss the federal petition on the grounds that it contained unexhausted claims. The Court found that petitioner had failed to exhaust several claims contained in his petition, but declined petitioner's request to stay proceedings while he completed exhaustion proceedings in state court. Petitioner filed a first amended petition containing only exhausted claims on June 26, 2000.

The case proceeded and petitioner filed a request for an evidentiary hearing in federal court as to many of his claims. During the course of the evidentiary hearing, it became apparent that petitioner's claim of actual innocence had not been properly exhausted. On February 7,

2002, petitioner filed a second amended petition deleting the unexhausted claim as well as a request to stay federal proceedings pending the exhaustion of his actual innocence claim in state court. The Court granted this request and directed petitioner to file quarterly status reports beginning on June 1, 2002, until the conclusion of the state court proceedings. (Docket No. 289).

Petitioner proceeded to file quarterly status reports until July 16, 2004. (Docket No. 203). Thereafter, he did not advise the court of state court developments, including the convening of a state evidentiary hearing in 2005, and the state court's denial of petitioner's third state habeas petition in 2008. Petitioner also did not take any steps to further litigate his federal petition.

Respondent argues that petitioner's failure to file quarterly status reports since 2004 and to prosecute his petition after state proceedings terminated in 2008 warrant the dismissal of his petition pursuant to Fed. R. Civ. P. 41(b). In the alternative, he argues that petitioner should at the very least, be deemed to have forfeited all claims attacking his judgment of guilt. Petitioner counters that while these failures may have been negligent and unprofessional, the dismissal of his petition would be much too severe and drastic a remedy. He explains that unusual circumstances, including the death of his counsel Roger Hurt, counsel Margaret Littlefield's personal responsibilities, as well as her apparently mistaken assumption that a funding request informing the court of the conclusion of state proceedings and of petitioner's mental deterioration had been properly filed with the court in 2008, all contributed to the lapses cited by respondent. Petitioner also requests that in light of petitioner's current severe dementia, the Court direct respondent to file a report on petitioner's medical condition and schedule a status conference within thirty days of the submission of the report.

### III. Discussion

Fed. R. Civ. P. 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision(b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

3

In determining whether to dismiss an action for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits.

*Pagtalunan v. Galaza*, 291 F3d 639 (9th Cir. 2002).

Petitioner's failure to file quarterly status reports from 2004 to 2008 did not cause delay or otherwise significantly impact his federal proceedings because his case was stayed during the duration of state exhaustion proceedings anyway. Moreover, as noted above, the failure was inadvertent and due to his counsel's personal responsibilities as well as co-counsel's death. *See* Opposition at 3.

Petitioner's failure to prosecute his case since the completion of state proceedings in 2008 also does not warrant the dismissal of his petition under the factors enumerated in *Pagtalunan*. The first factor, the public's interest in expeditious resolution of litigation, always favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor, however, a court's need to manage its docket, does not favor dismissal. "[A] trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Id*. Here, petitioner's failure to advance his case since 2008 did not consume the court's resources or otherwise significantly affect the court's docket. The third factor, prejudice suffered by respondent as a result of petitioner's delay, namely the risk that witnesses' memories will fade and evidence will become unavailable, favors dismissal. It is tempered, however, by petitioner's reasons for his delay, as described above. *See Pagtalunan*, 291 F.3d at 642 (relating risk of prejudice to plaintiff's reason for defaulting.) The pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal. *Id*. The fourth factor, the existence of alternatives to dismissal, weighs against dismissal: the case can quickly be placed back on track to be disposed of as justice requires. Finally, the fifth factor, the public policy favoring disposition of cases on the merits, *see Pagtalunan*, 291 F.3d at 643,

4

particularly in a capital case, strongly weighs against dismissal.

### IV. Conclusion

Respondent's motion presents a compelling argument that this case should be dismissed. However, on balance the Court concludes that the factors discussed above weigh against the dismissal of petitioner's capital habeas petition, or of any claims therein. Accordingly, respondent's motion is denied. Respondent is directed to file a report on petitioner's medical condition within 60 days of the date of this Order. The Court will schedule a case management conference following receipt of this report.

IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD LEE BELL,

        Plaintiff,

  v.

KEVIN CHAPPELL, et al,

        Defendant.

Case Number: CV99-20615 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
California Appellate Project
Federal Court Docketing
101 Second Street
Suite 600
San Francisco, CA 94105

Habeas Corpus Resource Center
Habeas Corpus Resource Center
303 Second Street, Suite 400 South
San Francisco, CA 94107

Roger William Hurt
Attorney at Law
PO Box 98
Stinson Beach, CA 94970

Ronald L. Bell
CSP-Tamal
CA State Prison-San Quentin
Tamal, CA 94974

Dated: September 28, 2012

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk