MICHAEL SATRIS
State Bar No. 67413
MARGARET LITTLEFIELD
State Bar No. 110938
Law Offices of Michael Satris
Post Office Box 337
Bolinas, Calif. 94924
Tel:  (415) 868-9209
Fax:  (415) 868-2658
Email: satris@sbcglobal.net

*Attorneys for Petitioner
Ronald Lee Bell*

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
RONALD S. MATTHIAS
Senior Assistant Attorney General
State Bar No. 104684
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5858
Fax: (415) 703-1234
E-mail: Ronald.Matthias@doj.ca.gov

*Attorneys for Respondent and
People of the State of California,
Real Party in Interest*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD LEE BELL,<br><br>    Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL,<br><br>    Warden of the California<br>    State Prison at San Quentin,<br>    Respondent. | No. C-99-20615 RMW<br><br>**JOINT STATEMENT OF THE PARTIES**<br><br>**DEATH PENALTY CASE** |

INTRODUCTION

On September 30, 2013, this Court entered an Order (Doc. 220) directing the parties to file a Joint Statement within 45 days proposing how this case should proceed in light of Petitioner's medical condition.  Counsel for Petitioner

-1-

JOINT STATEMENT                                                                                          *Bell v. Chappell*

and Respondent have consulted with one another and now submit this joint statement in accordance with that Order.

## PETITIONER'S POSITION

Petitioner's advanced dementia has left him profoundly incompetent for all purposes, including incompetent to prosecute his habeas petition and incompetent to be executed. The prognosis is that there certainly will be only further deterioration in his condition with time.

This case should and can be resolved expeditiously with a negotiated disposition that is in the best interests of the parties as well as the court. To facilitate such an equitable and economical disposition, counsel respectfully suggests that the Court refer this case to an appropriate magistrate judge for settlement purposes, and in the interests of judicial economy otherwise trail or stay further proceedings in the case until conclusion of the settlement proceedings. Other courts in this district have taken this approach when faced with incompetent condemned prisoners. See. e.g., *Stanley v. Chappell*, No. C07-4727-EMC (N.D. Cal. October 25, 2013) (order referring case to magistrate judge for settlement, following prior orders staying the proceedings to address competency and settlement); *Gates v. Chappell*, No. 3-88-cv-2799-WHA (N.D. Cal. May 16, 2013) [2013 U.S. Dist. LEXIS 99324 (order referring case to magistrate judge for settlement proceedings); see also *McPeters v Chappell*, No. 1:95-cv-5108 LJO [2013 U.S. Dist LEXIS 12773 ("The case is ripe for resolution, which, in turn will promote judicial economy and stop further taxpayer expenditure on pointless litigation.").

Alternatively or in addition, this Court should stay further prosecution of the petition in view of Petitioner's incompetence to proceed, with annual reports on his medical condition, subject to a motion by either party to dissolve the stay upon a showing of good cause. The considerations that inform the appropriateness of such a stay here are materially different than those that

-2-

informed the Court's decision in *Ryan v. Gonzales*, 133 S.CT. 696 (2013), which concerned AEDPA petitions rather than a pre-AEDPA one as here, and where there was no suggestion of any incompetence to be executed, let alone the incontrovertible fact of permanent incompetence to be executed that the Court here is presented with.

Indeed, the obstacles to settlement that the State identifies make all the more salutary the indefinite stay of further proceedings that counsel for Petitioner here proposes. And "the *holding* in *Gonzales*" emphasized here by the State, was simply that "neither 18 U.S.C. §3599 nor 18 U.S.C. §4241 provides such a right [to a stay] and that the Courts of Appeals for the Ninth and Sixth Circuits both erred in holding that district courts *must* stay federal habeas proceedings when petitioners are adjudged incompetent" to assist counsel in those proceedings. *Ryan v. Gonzales*, 133 S. Ct. at 700 (emphasis added). By its own terms, *Ryan* was a narrow decision that specifically eschewed giving the "district courts … unsolicited advice … on how to manage their dockets." *Id.* at 708. Rather, it confirmed that "the decision to grant a stay … is 'generally left to the sound discretion of district courts' [citation]," and in that case "address[ed] only [the] outer limits" of that discretion. *Id*. The discretion that the Court would exercise in granting a stay in this pre-AEDPA case, where it can be said with supreme confidence that Petitioner will never become competent to be executed, is well within those limits for fiscal reasons if no other.

The State proffers "a practical concern: competence might change over time." But if so, that only reinforces the probity of a stay at this time, for Petitioner's rational assistance of and communication with counsel would benefit the investigation and presentation of various claims in the petition. It would be fundamentally unfair to require counsel to litigate this petition with one hand tied behind his back, as it were, while there is a realistic chance of two hands in the future. The real "practical concern" here is the huge waste of resources that would be engendered by further litigation prosecuting and defending against the

1   petition "to decision," as the State puts it. That is in no one's interest, certainly
2   not the Court's and presumably not the State's either in these times of
3   diminishing resources -- particularly where there is no prospect that the State
4   would be able to carry out the judgment even if it survived this collateral attack.
5        Finally, while the State critiques Petitioner's proposal for how this Court
6   should now proceed, it never proposes a more practical alternative action for this
7   Court to take under these circumstances. Counsel is prepared to elaborate as
8   necessary at any case management conference or in further pleadings why
9   proceeding in the manner counsel suggests furthers the interests of both parties,
10  the Court's interest in judicial economy, and the interests of justice.

## THE STATE'S POSITION

The state acknowledges that petitioner has sufficient evidence at his disposal to establish a prima facie case that he likely is currently incompetent within the meaning of *Ryan v. Gonzales*, ____ U.S. ____, ____, 133 S. Ct. 696, 700 (2013), and that his condition likely will not improve in the future.  "Where there is no reasonable hope of competence, a stay is inappropriate and merely frustrates the State's attempts to defend its presumptively valid judgment." *Gonzales*, 133 S.Ct. at 709.  Such a stay is inappropriate—i.e., beyond the "outer limits" of the Court's discretion, *id*. at 708—whether it be "for settlement purposes" (a course that is itself inappropriate, as we shall explain), or for the purpose of receiving "annual reports on his medical condition."  In short, this matter—which has been pending since 1992, and fully briefed since 2001—should proceed to decision, for petitioner has identified no valid basis for the Court to follow any other course.  *Cf*. note 1, *post*.

The state also acknowledges that petitioner may well be incompetent within the meaning of *Ford v. Wainwright*, 477 U.S. 399 (1986), and that his prospects for recovery in that regard might well be similarly bleak.  Petitioner has not formally advanced either proposition in this Court, nor has he presented either

1  for consideration by the California Supreme Court.  To be sure, any question
2  about petitioner's *current* competence to be executed is not ripe for adjudication
3  by any court inasmuch as no execution is currently scheduled.
4       Less clear to the state would be the impropriety of an effort by petitioner to
5  have a state court declare him categorically ineligible for execution *at any time*
6  (and directing that his judgment be altered to so reflect).  Although the question
7  of "permanent incompetence" to be executed subsumes the question of current
8  competence—a matter that is, as we have emphasized, not yet ripe—it is perhaps
9  worth noting that one implicit rationale for courts' general refusal to consider
10 *present* competency to be executed when no execution is imminent rests on a
11 practical concern:  competence might change over time.  Thus, *if* it could be
12 shown in a particular case that incompetence is *hopelessly immutable*, it seems
13 likely that the prisoner might plausibly argue that the question is best confronted
14 sooner rather than later.  But under current circumstances, the only *conceivably*
15 appropriate forum in which petitioner could press such an argument would be the
16 California Supreme Court.  The state, of course, cannot actually know whether the
17 California Supreme Court might be receptive to entertaining such a contention
18 until its particulars are developed and presented to that court.  The state has
19 repeatedly identified this potential avenue to petitioner during the meet-and-
20 confer process, but, judging from petitioner's failure to mention it in this
21 pleading, he is apparently disinclined to pursue it.[1]
22      Petitioner's suggestion that these proceedings be referred for "settlement"
23 is singularly misdirected.  In the first place, a "negotiated disposition" that serves
24 both parties' "interests" would necessarily entail each party "compromising" (or
25 surrendering) some entitlement; presumably, petitioner has in mind his agreeing

---

[1] In light of petitioner's apparent uninterest, it is unnecessary to consider whether, *if* petitioner were to press the state court for relief on the basis of his assertedly "permanent" incompetence to be executed, he might be entitled to a stay of these proceedings on *that* account. See *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

1  to forgo all further judicial inquiry into the validity of his conviction for first
2  degree murder with special circumstance in exchange for the state's agreeing that
3  the sentence portion of the state-court judgment be somehow "modified" from the
4  death penalty to imprisonment for life without possibility of parole.[2]  Petitioner
5  does not explain (and the state cannot imagine) how petitioner could knowingly
6  and intelligently enter into such a "deal" while he is, as he insists, "profoundly
7  incompetent for all purposes."  More generally, petitioner does not identify (and
8  the state is not aware of) any authority under which state officers and officials are
9  authorized to "agree" to a modification of an affirmed judgment, except by
10 stipulating to the issuance of a writ of habeas corpus requiring such modification.
11 Insofar as the state is aware, its officers and officials have no authority to consent
12 to the granting of habeas relief except upon satisfying themselves that the
13 conditions precedent to its issuance have been met; in that event, the state's
14 acquiescence in the granting of judicial relief would be immediate, unilateral, and
15 unconditional, rather than one of the "terms" of some negotiated "deal."
16 Accordingly, referring the instant matter for "settlement" by "negotiated
17 disposition" would be a pointless exercise.

19  Dated:  November 13, 2013

20                              MICHAEL SATRIS
                                MARGARET LITTLEFIELD
21
22                              By:/s/         _Michael Satris_
23                              Attorneys for Petitioner Ronald Lee Bell

24  Dated:  _____

---

[2] Of course, if petitioner were both genuinely interested in avoiding the "huge waste of resources that would be engendered by further litigation prosecuting and defending against the petition 'to decision'"and "supreme[ly] confident that that [he] will never become competent to be executed," he should have been more receptive to the state's earlier suggestions for disposing of this matter.  *See* Doc. 207 at 6 n.3; Doc. 214 at 2 n.1; Doc. 214-1.

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
RONALD S. MATTHIAS
Senior Assistant Attorney General

By:/s/_____Ronald S. Matthias_____

Senior Assistant Attorney General
Attorney for Respondent and People of the
State of California, Real Party in Interest

## CERTIFICATE OF SERVICE

Case Name:  <u>**Bell v. Chappell**</u>          No.  <u>C 99-20615 RMW</u>

I hereby certify that on <u>November 14, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATEMENT OF THE PARTIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 14, 2013</u>, at San Francisco, California.

<u>          Nelly Guerrero          </u>          <u>          /s/ Nelly Guerrero          </u>
                    Declarant                                                  Signature

40819229.doc