# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| Ronald Lee BELL, JR., <br><br>  Petitioner, <br><br> v. <br><br> Kevin CHAPPELL, <br> Acting Warden of San Quentin State Prison, <br><br>  Respondent. | Case No. C99-20615 <br><br> <u>DEATH-PENALTY CASE</u> <br><br> ORDER REFERRING CASE TO MAGISTRATE |

On November 14, 2013, the parties filed a joint statement proposing various ways this case should proceed in light of petitioner's medical condition. (ECF Doc. No. 221) Petitioner suffers from dementia, as well as other physical ailments. (ECF Doc. No. 218) The parties agree that he is currently incompetent, that his condition will not likely improve in the future, and that he may also be incompetent to be executed within the meaning of *Ford v. Wainwright*, 477 US. 399 (1986). (ECF Doc. No. 221 at 2, 4). The parties disagree however, as to how the case should proceed. Petitioner suggests that the Court refer this case to a magistrate judge for settlement purposes, or alternately, stay proceedings and direct petitioner to submit annual reports on his medical condition. *Id*. at 2. Respondent asserts that a stay is inappropriate under *Ryan v. Gonzalez*, 133 S. Ct. 696 (2013), and that the case should instead "proceed to decision." *Id*. at 4. Respondent further rejects petitioner's suggestion that proceedings be referred to a magistrate judge for settlement, noting that petitioner could not knowingly enter into "deal" with the State if he is truly incompetent, and that the State, in turn, does not have authority to agree to a modification of an affirmed judgment. *Id*. at 5-6.

1  The Court agrees that the grant of a stay is precluded by *Gonzalez*, 133 S. Ct. at 708-09
2  (stay is inappropriate where there is no hope that a petitioner might regain competence.)
3  Nonetheless, the Court finds that litigating this case in light of petitioner's condition would
4  constitute an unnecessary waste of resources.  Accordingly, the Court refers the case to
5  Magistrate Judge Laurel Beeler for a settlement conference.  Other courts in this District have
6  taken the same approach when faced with incompetent prisoners.  *See*, *e.g.*, *Gates v. Chappell*,
7  No. 88-2779 WHA (N.D. Cal. May 16, 2013); *Stanley v. Chappell*, No. C07-4727 EMC (N.D.
8  Cal. Oct. 25, 2013)  The Court strongly urges both parties to participate in good faith.

9  IT IS SO ORDERED.

11  DATED: _____

RONALD M. WHYTE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BELL,

            Plaintiff,

  v.

CHAPPELL,

            Defendant.

Case Number: CV99-20615 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
California Appellate Project
Federal Court Docketing
101 Second Street
Suite 600
San Francisco, CA 94105

Roger William Hurt
Attorney at Law
PO Box 98
Stinson Beach, CA 94970

Ronald L. Bell CDCR# C02401
CSP-Tamal
CA State Prison-San Quentin
Tamal, CA 94974

Dated: February 18, 2014

            Richard W. Wieking, Clerk
            By: Jackie Lynn Garcia, Deputy Clerk